Nickerson, Gary A., J.
The plaintiff, East Coast Plumbing & Heating. Inc. (“East Coast”), brought this suit against the defendants, Tocci Building Corporation, Tocci Commercial, LLC, and J&D Drywall, Inc. (“the defendants”), for claims arising out of a construction project on which East Coast and the defendants had been collaborating. Tocci Commercial, LLC (“Tocci”), filed a counterclaim against East Coast and against Walter Kenney, East Coast’s principle officer. Count Three of Tocci’s counterclaim is a claim of defamation against East Coast/Kenney. East Coast and Kenney have moved to dismiss count three of Tocci’s counterclaim pursuant to the Anti-SLAPP statute, G.L.c. 231, (s) 59H. For the following reasons, that motion is DENIED.

BACKGROUND

Tocci hired East Coast as a subcontractor on a construction project in Falmouth. According to the allegations of East Coast, Tocci owes East Coast a large sum of money. According to the allegations of Tocci, East Coast has fallen behind on the project. They disagree on the facts underlying their dispute, but in general terms the dispute involves: 1) the proper sequencing of different aspects of the construction process (Tocci believes it appropriate to “pre-rock” before interior rough plumbing; East Coast disagrees); 2) the duties the parties owe to one another under the contract (mostly payment issues); and 3) comments that East Coast via Kenney, is alleged to have made about the defendants and the construction project. The issue before the Court today relates only to the comments East Coast/Kenney may have made.
According to the facts alleged in the counterclaim, East Coast/Kenney attempted to derail the project by voicing complaints to the local building inspector and other contractors on the project about the proper sequencing of pre-rock and interior rough plumbing. Tocci claims that these complaints were false and, according to Count Three of the counterclaim, defamatory. East Coast and Kenney have brought a Special Motion to Dismiss pursuant to the Anti-SLAPP suit claiming that any communications regarding the issue were protected petitioning activity and therefore immune from suit.

DISCUSSION

In a special motion to dismiss pursuant to the Anti-SLAPP statute, the moving party bears the initial burden of demonstrating that the conduct complained of was protected petitioning activity and was based on no other conduct. If the moving party meets that burden, then the burden shifts to the non-moving parly who may still prevent the dismissal by showing that the petitioning activity had no reasonable basis in law or fact. Baker v. Parsons, 434 Mass. 543, 553-54 (2001). Here, Tocci has alleged actions on the part of East Coast/Kenney that go beyond protected petitioning activity. Even if the statements made by East Coast/Kenney to the building inspector are protected petitioning activity, the statements made by East Coast/Kenney to the other contractors are not.
East Coast and Kenney have not met their burden of demonstrating that the statements to the other subcontractors were somehow protected petitioning activity. Expressing legitimate concerns to a building inspector is protected petitioning activity. Here, the actions that form the basis of Tocci’s defamation claim are not only East Coast/Kenney’s communication with the building inspector but also East Coast/Kenney’s communication with other third parties.
The Massachusetts Appeals Court has addressed the issue of when it is appropriate to relay information about protected petitioning activity to third parties. In Wynne v. Creigle, a firefighter’s widow was sued for defamation when her statements about a former firefighter were published. 63 Mass.App.Ct. 246 (2005). There, the Appeals Court found that her statements to the press were mirror images of the statements she had made as part of the protected petitioning activity and that mere repetition of those statements did not result in defamation. Id. at 254. In contrast, the Appeals Court has also held that statements to the press constitute an additional act beyond petitioning activity when those statements exceed the mere repetition of statements made as part of petitioning activity. Global Naps, Inc. v. Verizon New England, Inc., 63 Mass.App.Ct. 600 (2005). In Global Naps, Inc. v. Verizon New England, Inc., an officer of the defendant made a statement to a newspaper saying that a recent arbitration had ended the plaintiffs “scam.” 63 Mass.App.Ct. at 603. The plaintiff sued for defamation and trade disparagement. The holding in Wynne v. Creigle and the holding in Global Naps, Inc. v. Verizon *305 New England, Inc., both decided the same term, show a distinction between the kinds of statements that an individual can make to third parties about a protected petitioning activity. If the statement is a mere repetition, or “mirror image” of the statements made as part of the petitioning activity, then those statements are protected. Alternatively, if the statements go beyond mere repetition, then those statements are subject to tort law as are any other statements.
East Coast/Kenney have the burden of showing that their statements, both to the building inspector and to others, were protected petitioning activity. Neither party has set forth in detail the content of the statements that East Coast/Kenney made. Even if this Court assumes that the communication with the building inspector was protected petitioning activity, this Court cannot determine whether the communication with others was mere repetition of the communication to the building inspector or was an act beyond petitioning activity. See Ayasli v. Armstrong, 56 Mass.App.Ct. 740, 748-49 (2002) (holding that additional acts beyond petitioning activity justified denial of special motion to dismiss). The moving party has the burden of showing that the acts alleged were petitioning activity alone. Here, East Coast/Kenney had the burden of showing that the communications with others was protected petitioning activity. In order to be protected petitioning activity, the statements would have to be a mirror image of the statements made to the building inspector. Wynne v. Creigle, 63 Mass.App.Ct. at 254. East Coast and Kenney have not met their burden of showing that those statements to others were merely a repetition of the statements made in the course of petitioning activity.
Even if East Coast and Kenney had met their burden of showing that count three of the counterclaim was based solely on protected petitioning activity, Tocci’s claim would still survive the special motion to dismiss if Tocci could show that the petitioning activity had no reasonable basis in law or fact. Tocci has presented affidavits that industry practice supports the sequencing decisions that East Coast/Kenney complained of to the building inspector. The affidavits further state that both the building inspector and the architect have opined that the sequencing was within Tocci’s discretion and not improper. These affidavits suggest that the statements to the building inspector lacked a reasonable basis in law or fact. However, without knowing the content of the statements to the building inspector, it is impossible for this Court to determine whether those statements had a reasonable basis in law or fact.
The lack of information about the content of the statements makes it impossible for either party to meet its burden of proof on either prong. The moving parties, East Coast and Kenney, had the initial burden of proof on the first prong of the test. East Coast and Kenney failed to demonstrate that count three of Tocci’s counterclaim was based solely on protected petitioning activity.

ORDER

For the foregoing reasons, the East Coast and Kenney’s Special Motion to Dismiss is DENIED.